## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

**VINU GANTI, M.D.**
12526 Sycamore View Drive
Potomac, MD 20854

**And**

**USHA R. GANTI**
12526 Sycamore View Drive
Potomac, MD 20854

    **Plaintiffs,**

**v.**

**UBER USA, LLC**
11455 Market Street, 24th Floor
San Francisco, CA 94103

**Serve:**

  CT Corporation System
  1015 15th Street, NW
  Suite 1000
  Washington, D.C. 20005

**And**

**UBER TECHNOLOGIES, INC.**
11455 Market Street, 24th Floor
San Francisco, CA 94103

**Serve:**

  CT Corporation System
  1015 15th Street, NW
  Suite 1000
  Washington, D.C. 20005

**And**

**RASIER, LLC**
11455 Market Street, 24th Floor
San Francisco, CA 94103

**Civ. No.:** _____

**Serve:**

    C T Corporation System
    1015 15th Street, NW
    Suite 1000
    Washington, D.C. 20005

**And**

**RASIER-DC, LLC**
11455 Market Street, 24th Floor
San Francisco, CA 94103

**Serve:**

    CT Corporation System
    1015 15th Street, NW
    Suite 1000
    Washington, D.C. 20005

**And**

**YENENEH DESTA BELAYENEH**
4921 Seminary Road, Apt. 710
Alexandria, VA 22311

        **Defendants.**

## COMPLAINT

    **COME NOW** the Plaintiffs, Vinu Ganti, M.D. and Usha R. Ganti, by and through their attorneys, Edward L. Norwind, Esq., Zachary King, Esq., and Allia Borowski, Esq. of the law firm of Karp, Wigodsky, Norwind, Kudel & Gold, P.A., and states the following cause of action against the Defendants Uber USA, LLC, Uber Technologies, Inc., Rasier, LLC, Rasier-DC, LLC, and Yeneneh Desta Belayeneh:

## JURISDICTION AND PARTIES

1.      This cause of action arose on October 6, 2018, when Defendant Yeneneh Desta Belayeneh, an Uber driver, began driving before his customer, the Plaintiff, Vinu Ganti, M.D., had time to completely enter the Uber vehicle in the District of Columbia.  As a result of this action, Dr. Ganti was seriously injured.

2.      At all relevant times up to and including this incident, Plaintiff Vinu Ganti, M.D. (also referred to as "Dr. Ganti") was an adult residing in Potomac, Maryland.

3.      At all relevant times up to and including this incident, Plaintiff Usha R. Ganti, was an adult residing in Potomac, Maryland.

4.      At all relevant times up to and including this incident, Plaintiffs Vinu Ganti, M.D. and Usha R. Ganti were and remain married.

5.      Upon information and belief, Defendant Uber USA, LLC was, at all material times, a corporation organized and existing under the laws of California, and having its corporate headquarters and principal place of business in San Francisco, California.

6.      Upon information and belief, Defendant Uber Technologies, Inc. was, at all material times, a corporation organized and existing under the laws of California, and having its corporate headquarters and principal place of business in San Francisco, California.

7.      Upon information and belief, Defendant Rasier, LLC was, at all material times, a corporation organized and existing under the laws of California, and having its corporate headquarters and principal place of business in San Francisco, California.

8.      Upon information and belief, Defendant Rasier-DC, LLC was, at all material times, a corporation organized and existing under the laws of California, and having its corporate headquarters and principal place of business in San Francisco, California.

9.      Upon further information and belief, Defendants Uber USA, LLC, Uber Technologies, Inc., Rasier, LLC, and Rasier-DC, LLC (hereafter collectively referred to as the "Uber defendants") operate a ridesharing service and engage in this business in the District of Columbia on a regular and substantial basis.

10.      Upon information and belief, Defendant Yeneneh Desta Belayeneh (hereinafter referred to as "Defendant Belayeneh") was, at all material times, a resident of Virginia.

11.      The parties to this case are completely diverse, pursuant to 28 U.S.C. § 1332(a)(1) and (c)(1).

12.      The amount in controversy, exclusive of interest and costs, exceeds the minimum amount necessary for the Subject Matter Jurisdiction of this Court based on diversity, as specified by 28 U.S.C. § 1332(b).

13.      This Honorable Court therefore has Subject Matter Jurisdiction of this action based on the diversity of the parties, pursuant to 28 U.S.C. § 1332(a)(1) and (c)(1).

14.      This Court also has Personal Jurisdiction of Defendants because, upon information and belief, Defendants conduct business on a regular basis in the District of Columbia, and because the alleged events giving rise to this action occurred in the District of Columbia, in the course of Defendants' regular and substantial business there.

15.      Venue is also therefore proper in the United States District Court for the District of Columbia, pursuant to 28 U.S.C §§ 88; 1391(b)(2).

## COUNT I

### (Personal Injury - Negligence)

16.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 15 of this Complaint.

17.     On October 6, 2018, Plaintiff Vinu Ganti, M.D. ordered an Uber vehicle ride for his family to go out to dinner in Washington, D.C.

18.     Defendant Belayeneh, who was employed by the Uber defendants and was actively working as an employee or agent of the Uber defendants, accepted the job to pick up Dr. Ganti and his family and transport them to their destination.

19.     Defendant Belayeneh was operating the vehicle and transporting passengers permissively for the Uber defendants and at all material times was acting within the course and scope of his employment or agency with the corporate defendants identified in this complaint.

20.     Once Defendant Belayeneh arrived, Dr. Ganti assisted his wife in entering the back seat of the vehicle, his son entered on the other side in the back, and then Dr. Ganti moved to enter the front passenger seat.

21.     Dr. Ganti had placed his left foot into the vehicle, with his right foot still on the ground, when Defendant Belayeneh suddenly and without warning began driving.

22.     Dr. Ganti's right leg twisted violently and he was thrown to the ground.

23.     Dr. Ganti was not contributorily negligent nor did he assume the risk of the incident.

24.     At all relevant times, Defendant Belayeneh owed a continuing duty of care to pay full time and attention to his ingressing passengers and to operate his vehicle in a reasonable and prudent manner, with due regard to other persons then and there lawfully entering his vehicle and on the roadway, including Dr. Ganti.

25.     Defendant Belayeneh breached said duty of care when he negligently began driving from the pick-up location before Dr. Ganti was completely inside the vehicle.

26.     Defendant Yeneneh Desta Belayeneh and the Uber defendants, or each or any of them, acting through Defendant Belayeneh, their agent and/or employee, were negligent in the following ways:

      a.     Failing to exercise due care to the invitees in his vehicle;

      b.     Failing to give full time and attention to individuals attempting to enter his vehicle;

      c.     Failing to avoid causing bodily injury to an individual attempting to enter his vehicle;

      d.     Driving away from the pick-up location without first noticing that all of his passengers, particularly Dr. Ganti, had not yet safely entered his vehicle;

      e.     Failing to control vehicle speed to avoid bodily injury; and

      f.     Failing to obey the rules and regulations of the District of Columbia and the Federal Motor Carrier Safety Regulations, then and there in full force and effect.

Defendants were negligent in other ways as well.

27.     As a direct and proximate result of the negligence described above, Defendants caused the injuries and damages described in this Complaint.

28.     As a direct and proximate result of the incident and the negligent acts and omissions of Defendants alleged above, Dr. Ganti sustained serious injuries including a complete rupture of the ACL in his right knee, bone bruising, joint effusion, and stretching of the

ligaments surrounding the knee as well as the muscles surrounding the knee.  As a direct result of this initial injury Dr. Ganti has experienced other injuries including, but not limited to, a broken toe which has required surgery.  Moreover, Dr. Ganti has experienced and will continue to experience permanent lower extremity disability, impairment, pain, and resulting severely compromised functional abilities.

29.     Dr. Ganti has incurred and will in the future incur medical, hospital, therapy, and other expenses for the treatment of his injuries.  He has suffered and will in the future suffer pain and permanent disability.  He has lost and will in the future lose income and/or impairment of his future earning capacity.  Dr. Ganti has been damaged in other ways.

**WHEREFORE,** Plaintiff Vinu Ganti, M.D. demands judgment against Defendants Uber USA, LLC, Uber Technologies, Inc., Rasier, LLC, and Rasier-DC, LLC, and Yeneneh Desta Belayeneh, jointly and severally, in an amount in excess of $75,000 in compensatory damages, plus interest and costs, and any and all other relief to which he may be entitled.

## COUNT II

### (Loss of Consortium)

30.     Plaintiffs hereby re-allege and incorporate by reference paragraphs 1-29 of the Complaint.

31.     At all times relevant to this action, Dr. Ganti and Mrs. Ganti have been, and continue to be, a married couple under the laws of the State of Maryland, and living together as husband and wife.

32.     As a direct result of the Defendants' negligence, as set forth above, Plaintiff Usha R. Ganti has suffered, and in the future will suffer, injury to the marital relationship with her

husband, including a loss of consortium, material services, love, affection, companionship, sexual relations, and other matters generally associated with a marital relationship.

      **WHEREFORE,** Plaintiff Usha R. Ganti demands judgment against Defendants Uber USA, LLC, Uber Technologies, Inc., Rasier, LLC, and Rasier-DC, LLC, and Yeneneh Desta Belayeneh, jointly and severally, in an amount in excess of $75,000 in compensatory damages, plus interest and costs, and any and all other relief to which she may be entitled.

Respectfully submitted,

**KARP, WIGODSKY, NORWIND & GOLD, P.A.**

*/s/ Edward L. Norwind*
Edward L. Norwind, Bar No. 936393
lnorwind@karplawfirm.net

*/s/ Zachary King*
Zachary King, Bar No. 499898
zking@karplawfirm.net

*/s/ Allia Borowski*
Allia Borowski, Bar No. 1601838
allia@karplawfirm.net

2273 Research Blvd., Suite 200
Rockville, Maryland  20850
301-948-3800 – phone
301-948-5449 – fax

***Counsel for the Plaintiffs***

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(a)-(b)(1), Plaintiffs demand a trial by jury

on all issues so triable in this action.


*/s/ Zachary King*
Zachary King